ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JACQUELINE SANTOS GONZÁLEZ, en representación legal de su hija incapacitada JACQUELINE MICHELLE TEXEIRA SANTOS,<br><br>Recurrida,<br><br>v.<br><br>**LIKE FAMILY PUERTO RICO**; ASEGURADORA ABC,<br><br>Peticionaria. | TA2025CE00815 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce.<br><br>Civil núm.: PO2025CV01750.<br><br>Sobre: daños y perjuicios. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de diciembre de 2025.

El 25 de noviembre de 2025, la parte peticionaria, Like Family, Inc. (Like), incoó este recurso con el fin de que este Tribunal expida el auto y revoque la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 29 de septiembre de 2025, notificada el 1 de octubre de 2025. En ella, el foro primario denegó la solicitud de desestimación presentada por Like el 9 de septiembre de 2025.

En su solicitud de desestimación, Like planteó que el tribunal carecía de jurisdicción sobre la materia, pues la demanda fue instada al amparo de la Ley Núm. 238-2004 (Ley 238), según enmendada, intitulada *Carta de Derechos de las Personas con Impedimentos*, 1 LPRA sec. 512-512m, por lo que, conforme a la presunta jurisdicción primaria y exclusiva para atender los reclamos de la parte recurrida, correspondía a la Oficina del Defensor o Defensora de las Personas con Impedimentos atender en primera instancia los reclamos de la demandante, aquí recurrida[1].

---

[1] En su demanda, la recurrida planteó **varias causas de acción**, entre ellas, violación a los derechos constitucionales de la señora Jacqueline M. Texeira Santos, declarada incapaz y representada por su madre y tutora legal, la señora Jacqueline Santos González. *Véase*, apéndice del recurso, anejo 1. Conforme a sus alegaciones, la señora Santos

La parte recurrida, se opuso a las pretensiones de Like y, el 29 de septiembre de 2025, el foro primario declaró sin lugar la solicitud de desestimación[2]. En síntesis, el tribunal consignó que el Art. 15 de la Ley 238 dispone claramente que: "El ejercicio de la acción autorizada por este capítulo es independiente de cualquier otra acción civil o criminal, derecho o remedio que disponga la legislación vigente y ninguna de las disposiciones de ésta limitará o impedirá el ejercicio de tales acciones, derechos o remedios." 1 LPRA sec. 512k[3].

Conforme le fuera ordenado, la parte recurrida contaba con un término, que vencía el 15 de diciembre de 2025. Transcurrido dicho término, la parte recurrida no compareció, por lo resolvemos sin el beneficio de su comparecencia.

Examinada la petición de *certiorari*, así como la resolución objeto de controversia, este Tribunal concluye que la parte peticionaria no pudo establecer que el foro primario hubiera incurrido en error alguno. Tampoco surge del expediente que el tribunal recurrido hubiera abusado de la discreción que le asiste, de forma tal que se haga meritorio eludir la norma de abstención judicial que regula el ejercicio de nuestras funciones. Por tanto, en virtud de lo dispuesto en la Regla 40 del Reglamento de este Tribunal de Apelaciones, según enmendado, 4 LPRA Ap. XXII-B, emos **denegar la expedición del auto de *certiorari***.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

---

adujo que su hija fue víctima de actos culposos o dañosos por parte de Like, en el proceso de contratar una ama de llaves que cuidara de esta última.

[2] *Véase*, apéndice del recurso, anejo 10.

[3] A pesar de que el foro primario no lo consignó en su *Resolución*, añadimos que, conforme a la Ley Núm. 158-2015, según enmendada, conocida como *Ley de la Defensoría de las Personas con Impedimentos*, 1 LPRA sec. 811-848, se creó la figura del Defensor(a) de las Personas con Impedimentos y se le asignaron ciertas facultades, responsabilidades y deberes. Al revisar el desglose de tales facultades, según consignados en el Art. 2.08 de la Ley 158, 1 LPRA sec. 819, nada surge sobre la obligación de un ciudadano afectado por alguna actuación discriminatoria de agotar remedio administrativo alguno ante el Defensor(a).

El juez Sánchez Ramos disiente con opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| JACQUELINE SANTOS GONZÁLEZ, en representación legal de su hija incapacitada JACQUELINE MICHELLE TEXEIRA SANTOS <br><br> Recurrida <br><br> v. <br><br> **LIKE FAMILY PUERTO RICO**; ASEGURADORA ABC <br><br> Peticionaria | TA2025CE00815 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce <br><br> Civil núm.: PO2025CV01750 <br><br> Sobre: Daños y perjuicios |
| --- | --- | --- |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

**VOTO DISIDENTE DEL JUEZ SÁNCHEZ RAMOS**

Como cuestión de derecho, la demanda de referencia (la "Demanda"), sobre daños y perjuicios, no expone una causa de acción viable, por lo cual procedía que expidiéramos el auto solicitado y revocáramos la determinación recurrida.

En esencia, en la Demanda se plantea que la corporación demandada (la "Empresa") se ha negado a asignarle a la demandante, como "nueva cuidadora" de su hija, quien padece de varios impedimentos, a la Sa. Lina Díaz Diez, quien la demandante alega es una "persona de confianza con experiencia en cuido de pacientes encamados, residente en la misma calle, y quien además conoce y entiende la condición y rutinas" de la referida hija.

En vez, la demandante asevera que la Empresa le asignó "otra persona para el cuidado de la paciente". Arguye que la Empresa "ha insistido en imponer personas desconocidas para el cuidado de una paciente vulnerable, sin tomar en cuenta su integridad ni la realidad de su diagnóstico clínico".

Se alega en la Demanda que lo anterior constituye una "violación a derechos constitucionales y civiles, incluyendo los derechos a la dignidad, integridad corporal" y "un acto de mala fe y represalia"; también aduce que la Empresa actuó "por razones discriminatorias y no fundamentadas". No se alega hecho específico alguno sobre la idoneidad de la última persona asignada por la Empresa, ni tampoco algún otro hecho del cual pudiese inferirse discrimen o "mala fe".

Un análisis de las alegaciones, y fuentes de derecho, citadas por la demandante, tanto en la Demanda, como en su oposición a la moción de desestimación que presentó la Empresa, refleja que no estamos ante una causa de acción viable. La demandante no ha citado una sola fuente de derecho que fundamente su teoría de que tiene derecho a escoger la persona que la Empresa deberá asignar para el cuido de su hija.

Más aún, la demandante no puede descansar sobre deberes supuestamente impuestos por la Carta de Derechos de las Personas con Impedimentos (Ley 238-2004, según enmendada, 1 L.P.R.A. § 512 et seq.), pues la violación de un deber bajo esta ley no genera una causa de acción de daños y perjuicios para el Código Civil. En vez, el legislador dispuso que estos asuntos se dilucidarían únicamente a través de un proceso administrativo. De todas maneras, tampoco la demandante ha explicado cómo dicha ley apoya su teoría de que le asiste el derecho que reclama.

Así pues, en ausencia de un deber jurídicamente exigible, no cabe hablar de culpa o negligencia en el contexto de una causa de acción extracontractual bajo el Código Civil. La culpa o negligencia presupone la existencia de un deber de actuar en cierta manera. Por tanto, al no haberse acreditado que exista el deber supuestamente violentado (presuntamente, el deber de la Empresa de acceder a la exigencia de la demandante en cuanto a la persona específica a ser

asignada como cuidadora de su hija), procedía la desestimación de la demanda sin trámite ulterior.

En San Juan, Puerto Rico, a 17 de diciembre de 2025.


                              HON. ROBERTO SÁNCHEZ RAMOS
                                   JUEZ DE APELACIONES